```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DENNIS M. HAMPT                  *

        Plaintiff        *

        vs.              *   CIVIL ACTION NO. MJG-13-1503

BART CHERNOW, et al.             *

        Defendant        *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it Defendants Dr. Bart Chernow's and Peggy Chernow's Motion to Dismiss [Document 6] and the materials submitted related thereto. The Court has held a hearing and has had the benefit of the arguments of counsel.

## I. BACKGROUND[1]

In 1998, Plaintiff Dennis M. Hampt ("Plaintiff") purchased land with a residence, garage, and other improvements located at 1515 Applecroft Lane, Cockeysville, Maryland 21030 (the "Property") from Defendants Bart and Peggy Chernow ("Defendants"). Defendants conveyed the Property to Plaintiff by a deed ("the Deed") dated November 17, 1998, which included the following signature section:

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

Witness the hands and seals of said Grantors:

WITNESS

_____  _____ (Seal)
                              BART CHERNOW

_____  X _____ (Seal)
                              PEGGY CHERNOW

The Deed contained the following covenants:

> [The Defendants] hereby covenant that they have not done or suffered to be done any act, matter or thing whatsoever, to encumber the property hereby conveyed; that they will warrant specially the property hereby granted; and that they will execute such further assurances of the same as may be requisite.

Compl. Ex. 1 [Document 2-1].[2]

In November 2004, six years after his purchase of the Property, Plaintiff's then neighbors, the McNamaras, informed him that his fence, garage, and parking pad encroached on their property. The McNamaras hired a surveyor, who confirmed the encroachment in a location drawing of the Property. The McNamaras permitted the encroachment.

In December 2004, the McNamaras sold the Property to Elizabeth Anglada ("Ms. Anglada") who permitted the encroachment and Plaintiff agreed to install and maintain landscaping along

---

[2] In the owner's affidavit dated November 15, 1998, the Defendants represented, <u>inter alia</u>, that there "are no liens or encumbrances . . . known to the undersigned which are not being properly provided for in this transaction." Compl. Ex. 2 [Document 2-2]. From the face of the Complaint, it does not appear that the Plaintiff's claims are based upon such representations.

2

the border of their properties.  Plaintiff did what he promised, but Ms. Anglada never grated him a perpetual easement.

In October 2008, Ms. Anglada sold the Property to Matthew D. and Ronda Kunkel ("the Kunkels").  By letter dated July 22, 2011, the Kunkels refused to grant Plaintiff a perpetual easement for the encroachment and instead provided him with a limited license, terminable at will, for "maintenance, landscaping, ingress and egress."  Compl. ¶ 26.

On March 8, 2013, Plaintiff filed the instant action in the Circuit Court for Baltimore County, Maryland.  On May 22, 2013, the Defendants timely removed the action to this Court.

The Complaint presents claims in three Counts:

| | |
|---|---|
| Count One | Breach of Covenant of Special Warranty – Real Property Article § 2-106, |
| Count Two | Breach of Covenant Against Encumbrances – Real Property Article § 2-106[3], and |
| Count Three | Fraud |

By the instant motion, the Defendants seek dismissal of all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6)[4] claiming that the action is time barred.

---

[3] This appears to be a typographical error; Plaintiff most likely intended to reference Maryland Real Property Article § 2-110.

[4] All Rule references are to the Federal Rules of Civil Procedure.

3

II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Usually, a motion to dismiss filed under Rule 12(b)(6) cannot reach the merits of an affirmative defense like limitations. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, if, but only if, all the facts necessary to the affirmative defense clearly appear on the face of the complaint, dismissal can be proper. Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).

III. DISCUSSION

The Defendants contend that all claims in the Complaint are subject to dismissal as barred by the three-year statute of limitations under Maryland law because the allegations in the Complaint reveal that Plaintiff received notice of the encroachment no later than 2006. Hence, the instant lawsuit, filed in 2013, was filed well after expiration of the general three-year limitation period.

Plaintiff contends, inter alia, that deed is under seal and thus his claims are subject to the 12-year limitation period applicable to actions on specialties.[5]

The Court shall address the parties' contentions in turn.

A. Maryland's Statute of Limitations

Under Maryland law, all civil actions "shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101. Such another provision is § 5-102(a), which provides for a 12-year limitation period for "[a]n action on one of the following specialties":

---

[5] The parties' dispute as to whether the limitation "clock" began running in 2004 or 2006 is immaterial. Whether it was 2004 or 2006, the instant lawsuit was filed more than three years, but less than 12 years, after the commencement of the limitation period.

>    (1) Promissory note or other instrument under seal;
>
>    (2) Bond except a public officer's bond;
>
>    (3) Judgment;
>
>    (4) Recognizance;
>
>    (5) Contract under seal; or
>
>    (6) Any other specialty.

Section 5-102 does not define "[a]ny other specialty", but Maryland has considered it a "relatively narrow catchall." Master Fin., Inc. v. Crowder, 972 A.2d 864, 875 (Md. 2009). However, Maryland courts have interpreted a specialty to include legal instruments under seal. Wellington Co., Inc. Profit Sharing Plan & Trust v. Shakiba, 952 A.2d 328, 343 (Md. Ct. Spec. App. 2008).

In determining whether the 12-year limitation period in § 5-102 applies to an action for the breach of a legal instrument, Maryland courts apply a two-step framework: (1) whether the instrument is a specialty and (2) whether the cause of action is "on" the specialty. If the answer to both questions is yes, then the 12-year limitation period will apply. See id. at 344; Columbia Ass'n, Inc. v. Poteet, 23 A.3d 308, 315 n.5 (Md. Ct. Spec. App. 2011).

B. <u>Instrument Under Seal</u>

Plaintiff asserts that the deed is a legal instrument under seal, and thus a specialty protected by the 12-year limitation period under § 5-102. Relying primarily on <u>Tipton v. Partner's Mgmt. Co.</u>, 773 A.2d 492 (Md. 2001), the Defendants contend that the deed is not a specialty as a matter of law because the deed uses the word "seal" only in the signature section and not in the body of the document.

1. <u>Pertinent Legal Principles</u>

In determining whether an instrument is under seal and therefore a specialty, the intent of the parties to the instrument is controlling. <u>President & Directors of Georgetown Coll. v. Madden</u>, 505 F. Supp. 557, 585 (D. Md. 1980) <u>aff'd in part, appeal dismissed in part,</u> 660 F.2d 91 (4th Cir. 1981). In certain instances, Maryland courts have considered the use of the word "seal" opposite the signature line in a legal instrument sufficient to evidence such an intent and thus make the instrument one under seal. For example, in <u>Warfield v. Baltimore Gas & Elec. Co.</u>, the Maryland Court of Appeals held that "the inclusion of the word 'seal' in a pre-printed form executed by an individual [was] sufficient to make the instrument one under seal" and therefore the 12-year limitation period was applicable to the plaintiff's claim for breach of a

7

guaranty for services contract.[6]  512 A.2d 1044, 1044, 1047 (Md. 1986).  More recently, in <u>Wellington Co., Inc. Profit Sharing Plan & Trust v. Shakiba</u>, the Maryland Court of Special Appeals held that a deed of trust was a specialty where it affixed the word "(Seal)" opposite the parties' signatures.  952 A.2d 328, 345 (2008) (assessing whether deed of trust was a specialty though noting the parties did "not dispute that the Deed of Trust was executed under seal").

However, in some contexts Maryland courts have considered the use of a seal adjacent to a signature line insufficient to render a legal instrument a specialty.  For instance, when a corporation executes an instrument and affixes its corporate seal in the place where a private seal would normally be located, Maryland courts do not consider the corporate seal – by itself – adequate evidence of an intent for the document to be a specialty.  <u>See, e.g.</u>, <u>Gildenhorn v. Columbia Real Estate Title Ins. Co.</u>, 317 A.2d 836, 842 (Md. 1974).  The Maryland Court of Appeals has explained that in "early law it was held that a corporation could not contract except under its corporate seal"

---

[6]  <u>See also</u> <u>Fed. Reserve Bank of Richmond v. Kalin</u>, 81 F.2d 1003, 1007 (4th Cir. 1936) (explaining "the word 'seal' in parenthesis is in common use as a seal, its presence upon an instrument in the usual place of a seal, opposite the signature, undoubtedly evinces an intention to make the instrument a sealed instrument, which should be held conclusive by the court, in the absence of other indications to the contrary appearing on the face of the instrument itself").

but over time this requirement became relaxed to the present point where, generally, the only function of the corporate seal on a legal instrument is for "prima facie authentication." Id. Because the affixation of a corporate seal held/holds a purpose distinct from rendering the instrument a specialty:

> . . . The mere fact that the corporate seal appears on the instrument other than in the usual place of the private seal would not make the instrument a specialty in the absence of a recital affixing the seal or of extrinsic evidence showing an intention to have it serve the function of a general seal.

Id. (holding a corporate seal and a testimonium clause stating that the company "has caused its corporate name and seal to be hereunto affixed by its duly authorized officers" sufficient to show the parties' intent for title insurance policy to be a specialty); Rouse-Teachers Props., Inc. v. Md. Cas. Co., 750 A.2d 1281, 1287-88 (Md. 2000) (concluding instrument executed by corporation was not a specialty where testimonium clause did not use the word "seal", instrument only stated "Affix Corporate Seal" next to the signature line, and there was no extrinsic evidence that the parties intended to execute the instrument under seal).

The Maryland Court of Appeals has not yet decided whether instruments conveying interests in real property are

sufficiently analogous to documents containing corporate seals so that more than just affixation of the word "seal" next to a signature is needed to evidence an intent to create a specialty.

In Tipton v. Partner's Mgmt. Co., 773 A.2d 488 (Md. 2001), the Maryland Court of Appeals held that an action for rent arrears under a residential lease is subject to the three-year limitation period of § 5-101 even if a seal is affixed to the lease. The court reasoned that, prior to recodification of the limitation statute, claims for rent arrears were statutorily defined as subject to a three-year limitation period and the "General Assembly . . . did not express any intent to change the substantive application of the old statute in new section 5-101." Id. at 503-04. Therefore, even if the lease at issue were a document signed under seal, the three-year limitation period would be applicable.[7]

In the Tipton decision, Judge Cathell included an interesting historical muse regarding the use of the word "seal" on documents involving the conveyance of interests in real property, such as deeds or leases, in comparison to ordinary contracts. See id. at 492-97. Judge Cathell stated that the use of the word "seal" in deeds conveying real estate and leases

---

[7] Unless the parties to the lease in the body of the lease agreed it is subject to the 12-year limitation period in § 5-102. Tipton v. Partner's Mgmt. Co., 773 A.2d 488, 504 (Md. 2001).

10

was "related primarily to their sufficiency and validity"; prior to 1974 Maryland law required the use of the word seal for a deed conveying real property to be valid.  Id. at 495.  In light of the fact that the use of the word "seal" on a real property conveyance historically served a purpose "other than to establish a specialty", Judge Cathell questioned whether the affixation of a seal on such instruments "like the use of the corporate seal in corporate instruments, should be treated similarly, instead of an automatic assumption that a specialty was intended."  Id. at 496 (recognizing that older Maryland cases have presumed use of the word seal in such documents created a specialty, but had not confronted directly this issue).  As the issue did not bear upon ultimate resolution of the case, Judge Cathell concluded that it was "unnecessary at this time to answer this interesting question."  Id. at 497.

2. The Deed

The word "seal" appears only in the signature section of the Deed.

[Document 2-1] at 2.

Defendants argue that in light of Tipton, the word "(Seal)" next to the grantors' signatures does not establish that the parties intended to create a specialty protected by the 12-year limitation period. However, the portion of the Tipton opinion relied upon by Defendants did not reach a conclusion and, even if did, it would be dictum. See Columbia Ass'n, Inc. v. Poteet, 23 A.3d 308, 317 (Md. Ct. Spec. App. 2011) (declining to apply Tipton real property conveyance instrument analysis to limitations issue surrounding a declaration of covenants, reasoning that the holding in Tipton was limited to residential leases).

When the Maryland Court of Appeals has not yet spoken on a particular issue, it "is the duty of the [Maryland federal District Court] in a diversity action to make an informed prediction of what the Maryland Court of Appeals would decide when presented with the question." Donohue v. Md. Cas. Co., 248

F. Supp. 588, 591 (D. Md. 1965) aff'd, 363 F.2d 442 (4th Cir. 1966). The Court predicts with confidence that the Maryland Court of Appeals, if presented with the issue, would hold the Deed to be a specialty. To hold otherwise would render the Defendants' use of the word "seal" a nullity serving no function whatsoever.

Accordingly, the Court concludes that the Deed at issue is under seal and thus a specialty for purposes of the 12-year Maryland limitation period in § 5-102.

### C. Action "On" the Specialty

The Court holds that the Deed is a specialty for purposes of § 5-102. However, the 12-year limitation period will only apply to the Plaintiff's claims that are "on" the Deed.

Defendants concede that Plaintiff's claim for breach of the covenant of special warranty (Count I) and breach of the covenant against encumbrances (Count II) are actions "on" the Deed and would, if the Deed is held to be a specialty, be subject to the 12-year period of limitations, and thus timely.[8] They dispute, however, the nature of the fraud claim (Count III).

---

[8] The Courts notes that it does not agree with Plaintiff's argument that the covenant of a perpetual special warranty creates a limitation period after discovery of a breach that is unlimited.

13

As stated by the Maryland Court of Special Appeals,

> Whether a particular action is on a sealed instrument must depend on the character of the action; in order to be within the statute relating to sealed instruments, the action must be brought on the instrument itself, and the instrument cannot be merely an ultimate source of the obligation that the plaintiff [sic] seeks to enforce.

Wellington Co., Inc. Profit Sharing Plan & Trust v. Shakiba, 952 A.2d 328, 343-44 (Md. Ct. Spec. App. 2008) (quoting 54 C.J.S. Limitations of Actions § 54, at 90 (1987)).

"'Fraud encompasses, among other things, theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement.'" Sass v. Andrew, 832 A.2d 247, 261 (Md. Ct. Spec. App. 2003) (quoting Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 529 (8th Cir. 1999)). At the hearing, Plaintiff clarified that his fraud claim is based only on the statement, in the Deed itself, that:

> [The Defendants] hereby covenant that they have not done or suffered to be done any act, matter or thing whatsoever, to encumber the property hereby conveyed.

At a later stage of the case, Defendants may present issues as to the viability of the pleaded fraud claim.[9]

The Court concludes that Plaintiff can proceed with his fraud claim based upon the above-quoted statement that was made in the Deed under seal.[10] Cf. McGuire v. Dixon, 700 S.E.2d 71 N.C. Ct. App. 2010).

IV. CONCLUSION

For the foregoing reasons

1. Defendants Dr. Bart Chernow's and Peggy Chernow's Motion to Dismiss [Document 6] is DENIED.
2. The case shall proceed pursuant to the Initial Procedural Order being issued herewith.

SO ORDERED, on Tuesday, August 13, 2013.

/s/
Marvin J. Garbis
United States District Judge

---

[9] See generally Hughes v. Insley, 845 S.2d 1, 5 n. 8 (Md. Ct. Spec. App. 2003) (describing general warranty in deed as a promise to warrant certain things); Levin v. Singer, 175 A.2d 423, 432 (Md. Ct. Spec. App. 1961) (stating "fraud cannot be predicated on statements which are merely promissory in nature" except as to promises made with a present intention not to perform them). Plaintiff, however, contends that the "covenant" in question is a statement as to a currently existing fact and not a promise of a future action.

[10] A fraud claim based upon a failure to disclose the encumbrance – other than by the allegedly false statement in the Deed – would not be timely since such a claim would not be "on" the specialty.

15